**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN CENTER FOR LAW AND JUSTICE, <br><br> *Plaintiff,* <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> *Defendant*. | Civil Action No. 21-2269 (TJK) |

**MEMORANDUM ORDER**

Plaintiff—the American Center for Law and Justice—moves for attorneys' fees and costs in this Freedom of Information Act case against the Internal Revenue Service.  It alleges that it is eligible for fees because the IRS did not agree to start searching for responsive records until after Plaintiff brought this suit and after the Court denied the IRS's motion to dismiss.  The IRS, for its part, argues that it did in fact timely respond to Plaintiff's request, although Plaintiff did not receive its response before suing.  And, the IRS says, it maintained the position reflected in its interim response letter—that it needed Plaintiff to clarify the request's terms—throughout the litigation, and only conducted a search after Plaintiff did so.  The Court agrees that Plaintiff has not met its burden to show that the IRS changed its position because of this lawsuit, so it is not eligible for attorneys' fees.  Thus, the Court will deny the motion.

## I.      Background

Plaintiff sent a FOIA request to the IRS on July 23, 2021, seeking seven categories of records.  ECF No. 1 ¶ 7.  The records included those related to "Be on the Lookout For" lists at the IRS and records from the IRS's Exempt Organizations, Rulings and Agreements division referencing Christianity or Christian organizations.  ECF No. 1-1 at 3–5.  About a month later, on

August 26, Plaintiff sued the IRS under FOIA.  It alleged that the 20-day statutory deadline for a FOIA response had elapsed, and that "the Defendant [had] failed to notify Plaintiff of any determination" made as to its FOIA request.  ECF No. 1 ¶ 16.

A week later, on September 8, 2021, Plaintiff notified the Court that its counsel had just learned that the IRS had, in fact, sent a letter to Plaintiff postmarked within the 20-day statutory deadline.  ECF No. 6.  Though the IRS's letter was dated August 19 and postmarked August 20, Plaintiff attested that its counsel "did not learn about or see this letter until" September 8 because the letter was mistakenly routed to an incorrect office and perhaps also due to mail delays.  *Id*.  The letter, titled an "interim response," reported that the IRS had determined that Plaintiff's request was "overly broad in nature" and did "not meet the requirements of the FOIA or the applicable agency regulations," so the IRS was "unable to process [it]."  ECF No. 6-1 at 1, 3.  Still, the agency stated that it "encourage[d] [Plaintiff] to consider revising [its] request such that a search would not be unreasonably burdensome."  *Id*. at 3.  It suggested that Plaintiff could "contact the phone number at the top of [the] letter to further discuss [its] request and clarify" it.  *Id*.  Ultimately, the letter directed Plaintiff to "[s]end" the IRS an "updated request, and a copy of [its] original request and a copy of this letter, within 35 days," or else the request would be closed.  *Id*. at 4.

The IRS then moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6).  ECF No. 13.  It argued that Plaintiff failed to state a claim because it had not submitted a proper FOIA request to the agency and, by suing after the IRS had asked for clarification of the request, had not exhausted its administrative remedies.  ECF No. 13-1.  The Court denied the motion without prejudice, finding that, at least at that time, the IRS had not met its burden to show that Plaintiff's FOIA request was improper.  *See* Minute Order of May 16, 2022.  Still, the Court recognized, it might "do so in the future."  *Id*.

In a Joint Status Report the following month, in June 2022, the IRS maintained its position

that "it need[ed] the Plaintiff to clarify certain aspects of the FOIA request in order for the Service further to process those aspects of the request." ECF No. 18 at 1.  The parties reported that the IRS would "provide Plaintiff with an initial list of requested clarifications shortly" and Plaintiff would "thereafter consider the requested clarifications, and the parties will then confer." *Id.*  In a Joint Status Report filed the month after that, the parties told the Court that Plaintiff had provided clarifications to its FOIA request and that counsel had conferred. ECF No. 19.  The parties reported that, after receiving those clarifications, the IRS "commenced its search for potentially responsive records." *Id.* at 2.  In subsequent reports, the parties informed the Court that the IRS had started reviewing potentially responsive records, ECF No. 20, and began producing records to Plaintiff in October 2022, ECF No. 21.  Regular review and production of records continued until March 2025. *See* ECF No. 37.  The parties then told the Court that they had resolved all aspects of their dispute except for Plaintiff's request for attorneys' fees.  ECF No. 41.

Plaintiff now moves for attorneys' fees and costs in the amount of $36,823.50.  ECF No. 42.  It argues that this suit's filing caused a "voluntary or unilateral change in position" by the IRS because the agency only started to search for responsive records after Plaintiff sued and after the Court denied the IRS's motion to dismiss. *Id.* at 7–8.  As a result, Plaintiff argues, it has substantially prevailed in the lawsuit and is eligible for fees.[1] *Id.*  In response, the IRS argues that Plaintiff is not eligible for fees because it has not shown that this *lawsuit*, as opposed to Plaintiff's clarification of its request, caused the IRS to begin searching for records. *See* ECF No. 43.  The Court agrees with the IRS that Plaintiff has failed to show that this lawsuit caused a unilateral change in the agency's position such that Plaintiff is entitled to attorneys' fees.

---

[1] Plaintiff further argues, for reasons the Court need not address, that it is *entitled* to those fees as well.

## II.   Legal Standard

Section 552(a)(4)(E) of FOIA provides courts with discretion to "assess against the United States reasonable attorney fees and other litigation costs reasonably incurred" during a FOIA lawsuit.  5 U.S.C. § 552(a)(4)(E)(i).  To recover attorneys' fees and costs, a plaintiff must show both eligibility for and entitlement to a fee award.  *See, e.g.*, *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 524 (D.C. Cir. 2011).  A plaintiff shows eligibility for fees and costs when it shows that it has "substantially prevailed" in the FOIA suit.  *Id.*; 5 U.S.C. § 552(a)(4)(E)(i).

One way a plaintiff can show that it "substantially prevailed" is by demonstrating that it obtained relief through "a voluntary or unilateral change in position by the agency."  5 U.S.C. § 552(a)(4)(E)(ii)(II).  Known as the "catalyst theory," this approach permits a FOIA plaintiff to "prove fee eligibility by showing that [its] lawsuit 'substantially caused the government to release the requested documents before final judgment.'"  *Grand Canyon Tr. v. Bernhardt* ("*Grand Canyon Tr. II*"), 947 F.3d 94, 96 (D.C. Cir. 2020) (quoting *Brayton*, 641 F.3d at 524–25).  In other words, "the question under the 'catalyst theory' is whether the institution and prosecution of the litigation caused the agency to release the documents obtained."  *Id.* at 97 (cleaned up) (quotations omitted).  The "plaintiff has the burden of showing 'that it is more probable than not that the government would not have [produced the desired documents] absent the lawsuit.'"  *Id.* (quoting *Pub. Citizen Health Rsch. Grp. v. Young*, 909 F.2d 546, 550 (D.C. Cir. 1990)).  "[T]he mere filing of the complaint and the subsequent release of the documents is insufficient" to establish fee eligibility—"an allegedly prevailing complainant must assert something more than post hoc, ergo propter hoc."  *Id.*  (citations omitted).  Instead, courts must analyze the totality of the circumstances to determine whether "the circumstances surrounding disclosure" show a "'causal nexus' between the commencement of the lawsuit and an agency's disclosures."  *Env't Def. Fund v. EPA*, No. 17-cv-2220 (APM), 2022 WL 136792, at *4 (D.D.C. Jan. 13, 2022) (quoting *Grand Canyon Tr. v.*

4

*Zinke* ("*Grand Canyon Tr. I*"), 311 F. Supp. 3d 381, 389 (D.D.C. 2018), *aff'd Grand Canyon Tr. II*, 947 F.3d at 94).

### III.    Analysis

Plaintiff has not shown that it is eligible for attorneys' fees and costs because it has failed to show a "causal nexus" between this lawsuit's filing and the IRS's release of records. *Grand Canyon Tr. I*, 311 F. Supp. 3d at 389. Plaintiff argues that it substantially prevailed because the IRS "denied" its FOIA request as overly broad and then moved to dismiss the suit on the same basis. ECF No. 42 at 8. Only after the Court denied the IRS's motion to dismiss, according to Plaintiff, did the IRS "voluntarily change its legal relationship with [Plaintiff]." *Id.* Thus, Plaintiff argues, "the IRS initially opposed all [Plaintiff's] requests and complaints, and but for the complaint filed by [Plaintiff] (and [Plaintiff's] prevailing against its motion to dismiss), the IRS would not have disclosed the records." *Id.* at 9.

Not so. To begin, the IRS did not, as Plaintiff asserts, "den[y]" Plaintiff's FOIA request in its letter. ECF No. 42 at 8. Instead, the letter was titled an "interim response" and requested additional action from Plaintiff—clarification of the supposedly overly broad terms of its request. ECF No. 6-1. Thus, rather than denying the request, or reflecting any sort of final determination, the letter "administratively ask[ed] [Plaintiff] to clarify the request" because, in the agency's view, the request—as then written—was overly broad and too burdensome. ECF No. 43 at 11.

More importantly, on balance, the record shows that the IRS's change in position with respect to its processing of Plaintiff's request was not caused by the filing of this lawsuit, or even the Court's denial, without prejudice, of the IRS's motion to dismiss. Rather, the IRS maintained substantially the same position as reflected in its August 2021 interim response letter—that Plaintiff's FOIA request was overly broad and that it needed further clarification—*even after* the suit was filed and *even after* the Court denied the motion to dismiss. *See* ECF No. 18 ("The Defendant

5

contends that it needs the Plaintiff to clarify certain aspects of the FOIA request in order for the Service further to process those aspects of the request."). After the motion was denied, Plaintiff provided the requested clarification to the IRS, and *then* the IRS changed its position and began to search for records. *See* ECF No. 19 at 2 ("Based upon the clarifications discussed by the parties' counsel on June 10, the Defendant thereafter commenced its search for potentially responsive records."). This clarification is exactly what the IRS had asked for in the first place, and that Plaintiff could have provided at any time, regardless of whether it ever filed suit.

On this record, the Court has little trouble finding that Plaintiff has not met its burden of showing that its lawsuit caused the IRS to "voluntar[ily] or unilateral[ly] change [its] position" about Plaintiff's request, as required to receive fees. 5 U.S.C. § 552(a)(4)(E)(ii)(II). In other words, Plaintiff has not shown "that it is more probable than not that the government would not have performed the desired act absent the lawsuit." *Grand Canyon II*, 947 F.3d at 97 (citation omitted).

IV.    **Conclusion and Order**

For all these reasons, it is hereby **ORDERED** that Plaintiff's Motion for Attorneys' Fees, ECF No. 42, is **DENIED**.

**SO ORDERED.**

/s/ Timothy J. Kelly_____
TIMOTHY J. KELLY
United States District Judge

Date: May 4, 2026